United States District Court
Southern District of Texas
**ENTERED**
March 28, 2018
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ASHTON PIERRE COYT SOWELLS, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-0283 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| *Respondent*. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his 2011 conviction and 25-year sentence for aggravated robbery with a deadly weapon.

This petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(l) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(l)–(2).

Public court records show that petitioner was convicted and sentenced on November 3, 2011, in Harris County, Texas. The conviction was affirmed on appeal on April 11, 2013, and no petition for discretionary review was filed. Thus, petitioner's conviction became final for purposes of AEDPA limitations thirty days later, on May 12, 2013, and federal limitations expired one year later, on May 12, 2014.

Petitioner's first application for state habeas relief, filed in 2011, was dismissed by the Texas Court of Criminal Appeals in 2012 because petitioner's direct appeal remained pending. Consequently, petitioner's first state habeas application did not toll the AEDPA limitation. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Larry v. Dretke*, 361 F.3d 890, 895 (5th Cir. 2004). Petitioner's second application for state habeas relief, filed with the trial court on September 18, 2014, was denied by the Texas Court of Criminal Appeals on December 14, 2016. This second state application was filed after expiration of the federal one-year limitation and provided no tolling benefit. *See Scott v. Johnson*, 227 F.3d 260,

263 (5th Cir. 2000). Petitioner's instant federal habeas petition, mailed without utilization of the mail-box rule and received by the Court on January 30, 2018, is untimely.

Petitioner and the record before this Court do not reflect any grounds for statutory or equitable tolling, and the petition must be dismissed.

Petitioner's habeas petition is DISMISSED WITH PREJUDICE as barred by limitations. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

Signed at Houston, Texas on March 28, 2018.

Gray H. Miller
United States District Judge